IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY LEWIS,

      Plaintiff,

vs.                        Case No. 10-2644-JTM

PRIME FLIGHT AVIATION SERVICES AND
LARRY WILLIS,

      Defendants.

MEMORANDUM AND ORDER

Defendants' Motion to Dismiss for Improper Venue is before the court (Dkt. No. 11). For the following reasons, the court denies the motion to dismiss and, in its discretion, transfers this case to the United States District Court for the Western District of Missouri.

**I. Factual Background**

On October 25, 2010, plaintiff, Anthony Lewis, was fired from Prime Flight Aviation Services (Prime Flight) by Larry Willis, the general manager. Plaintiff contends defendants fired him because of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e through 2000e-17. Plaintiff filed a discrimination charge with the Equal Opportunity Employment Commission (EEOC) on November 8, 2010, and received his Right-to-Sue Letter on November 23. Plaintiff filed his Complaint on December 1. Defendants move to dismiss for improper venue.

## II. Legal Standard

This court considers this motion under Fed. R. Civ. P. 12(b)(3). *See Riley v. Kingsley Underwriting Agencies. Ltd.*, 969 F.2d 953, 956 (10th Cir. 1992). The plaintiff bears the burden of establishing that venue in this district is proper and all factual disputes are resolved in plaintiff's favor. *Streit v. Snap-On Equipment, Inc.*, No. 10-4086, 2010 WL 5058540, at *1 (D. Kan. Dec. 6, 2010).

## III. Analysis

The venue provision of Title VII provides:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3) (2000). "It has long been settled in this circuit that this provision, rather than the general venue statute, governs venue in Title VII actions." *Pierce v. Shorty Small's of Branson, Inc.*, 137 F.3d 1190, 1191 (10th Cir. 1998).

Plaintiff alleges the discrimination began when he was treated differently from similarly situated Caucasian employees at Prime Flight's business in Kansas City, Missouri, culminating in his firing on October 25, 2010. Throughout his employment, plaintiff worked for Prime Flight in Kansas City, Missouri. It is unclear where plaintiff's employment records are kept; however, plaintiff does not allege in his Complaint, or argue in his Response, that the records are kept in the

District of Kansas. In addition, Prime Flight's principal office is in Tennessee. Therefore, plaintiff satisfies none of the four bases for venue under § 2000e-5(f)(3), and venue in this district is improper.

The decision to dismiss plaintiff's Title VII claim or to transfer it to the proper district is discretionary. 28 U.S.C. § 1406(a) (2000); *Pierce*, 137 F.3d at 1191 (stating "the decision whether to dismiss or transfer lies within the sound discretion of the district court"). Section 1406(a) states: "The district court in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Id.* "A court usually should transfer an action, rather than dismiss it for improper venue." *Weber v. Ideker, Inc.*, 978 F. Supp. 1419, 1420 (D. Kan. 1997). Plaintiff states facts sufficient to support venue in the Western District of Missouri. As such, in the interest of justice, the court transfers this case to that district rather than order dismissal.

IT IS ACCORDINGLY ORDERED this 23rd day of February 2011, that defendants' Motion to Dismiss for Improper Venue (Dkt. No. 11) is denied.

IT IS FURTHER ORDERED that this case be transferred to the United States District Court for the Western District of Missouri. The clerk shall take all necessary steps to effectuate this transfer.

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE